**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DUDE T. BARTOLILLO,**

                **Petitioner,**                **9:10-cv-1472**
                                                                       **(GLS/RFT)**

            **v.**

**WILLIAM D. BROWN,**

                **Respondent.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PETITIONER:**
Dude T. Bartolillo
Pro Se
06-B-2546
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN     PRISCILLA I. STEWARD
New York State Attorney General     Assistant Attorney General
New York Office
120 Broadway
New York, NY 10271

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER[1]

---

[1] On January 4, 2012, the referral to Magistrate Judge Treece was rescinded for the purpose of disposing of the instant motion.

## I. Introduction

Petitioner *pro se* Dude T. Bartolillo brings this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, alleging that his current confinement in state custody is in violation of his federal constitutional rights. (Am. Pet., Dkt. No. 8.) In an Order dated March 10, 2011, Magistrate Judge Randolph F. Treece granted respondent's request to file a motion to dismiss addressing only the timeliness of Bartolillo's petition. (*See* Dkt. No. 12.) Pending is respondent's motion to dismiss. (Dkt. No. 15.) For the reasons that follow, respondent's motion is granted.

## II. Background

The parties' familiarity with the underlying record is presumed. For a full discussion of the relevant history, the court incorporates the factual recitations contained in the parties' submissions. (*See* Dkt. No. 15, Attach. 2 at 2-7; Dkt. No. 18 at 1-6.)

## III. Discussion

Respondent argues Bartolillo's petition is untimely as it was filed more than one year after his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." (Dkt.

2

No. 15, Attach. 2 at 7 (quoting 28 U.S.C. § 2244(d)(1)(A)).  In response, Bartolillo concedes his petition is time barred,[2] but nonetheless avers the court should review his "actual innocence" claim on the merits by applying equitable tolling.  (*See* Dkt. No. 18 at 7-11.)  However, with the exception of a conclusory assertion that he "acted with reasonable diligence in presenting his claim," Bartolillo fails to prove—or even substantively address—his entitlement to equitable tolling.  (*See generally* Dkt. No. 18; Dkt. No. 21 at 1-2); *see also Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (establishing a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (internal quotations omitted)).  Because Bartolillo has not demonstrated the requisite "extraordinary circumstances," his request for equitable tolling is denied and respondent's motion to dismiss is granted.[3]

---

[2] In spite of Bartolillo's concession, the court, after reviewing the parties' submissions, concurs with respondent's calculation of the accrual period and its conclusion that Bartolillo's petition was untimely.  (*See* Dkt. No. 15, Attach. 2 at 7-12.)

[3] Notably, Bartolillo's alleged evidence of actual innocence consists of four affidavits of prospective witnesses.  (*See* Dkt. No. 18 at 11, 15-22.)  Setting aside the fact that two of the affidavits were filed by family members, and the other two establish, at best, the purported promiscuity of the victim the day after Bartolillo sexually assaulted her, the fact remains that all of this information was available during Bartolillo's state court proceedings.  More importantly though, none of the "new evidence" proves that "it is more likely than not that no reasonable juror would have found [Bartolillo] guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that respondent's motion to dismiss (Dkt. No. 15) is **GRANTED** and Bartolillo's amended petition (Dkt. No. 8) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

January 6, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court